# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE MACK, JR., | ) | |
| | ) | |
| Claimant, | ) | No. 16 CV 11578 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| NANCY BERRYHILL, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Kenneth Wayne Mack, Jr. ("Claimant") seeks review of the final decision of Respondent Nancy Berryhill, Acting Commissioner of Social Security ("the Commissioner"), denying Claimant's application for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 8.] The parties have filed cross-motion for summary judgment [ECF Nos. 24 and 26], pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction pursuant to 42 U.S.C. §§ 1383(c) and 405(g). For the reasons stated below, Claimant's Motion for Summary Judgment [ECF No. 24] is granted, and the Commissioner's Motion [ECF No. 26] is denied. This matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

## I. PROCEDURAL HISTORY

Claimant filed an application for SSI on January 10, 2013, alleging a disability onset date of January 1, 2009. (R. 174–81.) The application was denied initially and upon reconsideration, after which Claimant requested an administrative hearing before an administrative law judge ("ALJ"). (R. 20.) On, January 20, 2015 date, Claimant, represented by counsel, appeared and testified at a hearing before ALJ Percival Harmon. (R. 38–83.) The ALJ also heard testimony from vocational expert ("VE") Cheryl Hoiseth. (*Id.*)

On May 29, 2015, the ALJ denied Claimant's application for SSI, based on a finding that he was not disabled under the Act. (R. 20–32.) The opinion followed the five-step evaluation process required by Social Security Regulations ("SSRs").[2] 20 C.F.R. § 404.1520. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since the application date of January 10, 2013. (R. 22.) At step two, the ALJ found that Claimant had the severe impairments of affective disorder, personality disorder, obesity, venous insufficiency, bleeding ulcers, mild degenerative changes of the lumbar spine, and a history of polysubstance abuse. (R. 22.) At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 27.) The ALJ then assessed

---

[2] SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration." *Nelson v. Apfel*, 210 F.3d 799, 803 (7th Cir. 2000); *see* 20 C.F.R. § 402.35(b)(1). Although the Court is "not invariably bound by an agency's policy statements," the Court "generally defer[s] to an agency's interpretations of the legal regime it is charged with administrating." *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009).

Claimant's residual functional capacity ("RFC")[3] and concluded Claimant was capable of performing sedentary work as defined in 20 C.F.R. 416.967(b) with the following limitations:

> [T]he ability to lift 20 pounds occasionally and 10 pounds frequently, to sit six hours out of eight, stand and walk two hours out of eight with occasional work involving stairs and ramps, and occasional crouching, kneeling, and crawling but no work involving ladders, ropes, or scaffolds. The claimant would be limited to routine repetitive and simple work. In this work he would have constant ability to understand, remember and carry out very short and simple instructions, to maintain attention and concentration for extended periods, to sustain a normal routine without special supervision, to make simple work-related decisions and use judgment, and to complete a normal work day work week without interruption from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. He would be limited to occasional brief and superficial interactions with the general public and would be limited to interactions up to one third of the day with coworkers, and to accept instruction and respond appropriately, to criticism from supervisors. He would also occasionally be limited in his ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness.

(R. 29.) Based on this RFC, the ALJ determined at step four that Claimant could not perform any past relevant work. (R. 31.) Finally, at step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Claimant could perform. (R. 31.) Specifically, the ALJ found Claimant could work as an office clerk or hand packager. (*Id*.) Because of this determination, the ALJ found that Claimant was not disabled under the Act. (R. 32.) The Appeals Council denied Claimant's request for review on October 28, 2016, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Baumhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 147 L. Ed. 2d

---

[3] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008).

3

80 (2000). Under such circumstances, the district court reviews the decision of the ALJ. (*Id.*) Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his or her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even where there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). It may not, however, "displace the ALJ's judgment by reconsidering facts or evidence." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

### III. ANALYSIS

On appeal, Claimant asserts that the ALJ made three errors. First, Claimant argues that the ALJ's RFC determination with respect to Claimant's mental limitations is unsupported by substantial evidence. Second, Claimant contends that the ALJ failed to incorporate all of the

4

mental RFC findings in the hypotheticals posed to the VE.  Finally, Claimant argues that the ALJ failed to properly evaluate Claimant's need to elevate his legs.

**A.      The Mental RFC Determination**

"The RFC is an assessment of what work-related activities the claimant can perform despite [his] limitations."  *Young*, 362 F.3d 995, 1000 (7th Cir. 2004); *see* 20 C.F.R. § 404.1545(a)(1) ("Your residual functional capacity is the most you can still do de-spite your limitations."); SSR 96-8p, at *2 ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities.").  The ALJ's RFC assessment must contain a narrative discussion describing how the evidence supports the ALJ's conclusions and explaining why any medical source opinion was not adopted if the ALJ's RFC assessment conflicts with such an opinion.  SSR 96-8p, at *7 ("RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts.").  Failing to explain how an ALJ arrived at the RFC conclusions is "in itself sufficient to warrant reversal of the ALJ's decision."  *Briscoe ex rel. Taylor v. Barnhart*, 435 F.3d 345, 352 (7th Cir. 2005).  Here, the ALJ failed to comply with the requirements of SSR 96-8p with respect to Claimant's mental RFC, an error necessitating remand.

*1.  Social Interaction*

First, Claimant argues that the ALJ failed to explain how he concluded that Claimant should be limited to occasional brief and superficial interactions with the general public, while his interactions with his coworkers were limited only to occasional contact without limiting the duration or quality of those interactions.  The Court agrees with Claimant.

5

The state agency psychologist (whose opinion the ALJ gave great weight) opined that Claimant's ability to handle public contact **and** to cope with co-workers and supervisors would be adequate for brief, superficial contact. (R. 113) (emphasis added). While the ALJ adopted the psychologist's opinion concerning contact with the public, he did not adopt it with respect to contact with coworkers and supervisors nor did he explain why he did not do so. Instead, the ALJ limited Claimant to "interactions up to one third of the day with coworkers, and to accept instruction and respond appropriately, to criticism from supervisors." (R. 29.) This limitation appears to be a creation of the ALJ himself untethered to the opinion evidence in the record.

"'Occasional contact' goes to the quantity of time spent with the individuals, whereas 'superficial contact' goes to the quality of the interactions." *Wartak v. Colvin*, 2016 WL 880945, at *7 (N.D. Ind. Mar. 8, 2016). While the ALJ was not required to adopt the state agency psychologist's opinion in its entirety, he was required to build a "logical bridge from the evidence to his conclusion." *Steele v. Barnhart,* 290 F.3d 936, 941 (7th Cir. 2002). The ALJ did not do so here. The ALJ offered no explanation to support his mental RFC assessments outside of stating that the "state agency psychologist stated that in simple work the claimant would not be significantly limited in the abilities noted above in finding four." (R. 31.) This does not adequately explain why the ALJ's RFC differs from the state agency psychologist's RFC opinion when the ALJ gave great weight to his opinion as the only mental RFC in the record. The ALJ must explain why he chose to limit interactions with coworkers to occasional as opposed to or in addition to superficial contact, and why he did not limit interactions with supervisors at all as did the state psychologist. *See* SSR 96-8p, at *7 ("RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts.").

Absent any meaningful explanation of why he modified the state agency psychologist's RFC, the Court finds that the ALJ failed to provide the narrative assessment of Claimant's functional capacity that SSR 96-8p requires. *See Gidley v. Colvin*, 2013 WL 6909170, at *12 (N.D. Ind. Dec. 30, 2015) ("Here, [the ALJ] made no attempt to explain the basis of his decision to limit Gidley to occasional interaction rather than superficial interaction, nor is it apparent from the record. The medical opinion to which he assigned great weight included a more restrictive limitation on Gidley's social interaction."). Remand is therefore required for an explanation of this inconsistency in the ALJ's RFC determination.

### *2. One to Two Step Tasks*

Claimant further asserts that the ALJ erred by failing to explain why he did not adopt the state agency psychologist's opinion that Claimant could perform only one to two step tasks. Here, too, the ALJ failed to comply with the narrative discussion requirements of SSR 96-8p. Although the ALJ was not required to adopt every portion of the state agency psychologist's opinion in formulating Claimant's RFC, he was required to explain his reasoning for rejecting certain portions of the only medical expert opinion in the record, an opinion to which he assigned "great weight." The state agency psychologist limited Claimant to one to two step tasks due to his problems with understanding and with memory of more complex information. (R. 113). Again, the state psychologist's opinion is the only opinion of record regarding Claimant's mental functional capabilities and limitations, and yet the ALJ chose to discard portions of it in his RFC without any discussion of how the evidence supports his ultimate conclusions. Thus, the ALJ failed to build a logical bridge from the evidence to his conclusion that Claimant should not be limited to one to two step tasks. The ALJ's silence as to what, if any, medical or testimonial evidence he relied

upon to formulate the parameters of the RFC determination unfortunately leaves the Court unable to "trace the path of [his] reasoning." *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

### 3. *Concentration, Persistence, or Pace*

Finally, Claimant argues that the ALJ failed to address Claimant's moderate difficulties in maintaining concentration, persistence, or pace in light of his mental impairments. The ALJ limited Claimant to "routine repetitive and simple work" with the ability to "carry out very short and simple instructions, to maintain attention and concentration for extended periods," and to "perform at a consistent pace without an unreasonable number and length of rest periods." (R. 29). Yet the Seventh Circuit repeatedly has rejected the notion that limiting a claimant to simple, routine tasks adequately addresses limitations in concentration, persistence, and pace. *Yurt v. Colvin*, 758 F.3d 850, 858-859 (7th Cir. 2014). "The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) (citations omitted). The ALJ himself determined that Claimant had moderate difficulties in concentration, persistence, or pace, and, therefore, he was required to account for such difficulties in assessing Claimant's RFC. Instead, the ALJ chose to limit Claimant to simple, routine tasks and concluded that Claimant could maintain attention and concentration for extended periods and perform at a consistent pace. This RFC is not necessarily consistent with the finding of Claimant's moderate difficulties in concentration, persistence, or pace, without more explanation. Once again, the ALJ failed to build a logical bridge from the evidence to his conclusions, and remand is therefore required for further consideration of the RFC determination.

**B.     Other Issues**

Because the Court remands on the errors identified above, it need not explore in detail the other arguments posited by Claimant on appeal since the analysis would not change the result in this case. Neither the Commissioner nor Claimant should draw any conclusions from the Court's decision not to address Claimant's other arguments. Nor, obviously, is the Court making any determination about whether or not Claimant is disabled.

In conclusion, the Court expresses no opinion about the decision to be made on remand but encourages the Commissioner to consider all the evidence in the record, expand the record if necessary, and build a logical bridge between the evidence and her ultimate conclusions, whatever those conclusions may be. *See, e.g., Myles*, 582 F.3d at 678 ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *see Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994).

## IV. CONCLUSION

For the reasons stated above, Claimant's Motion for Summary Judgment [ECF No. 24] is granted, and the Commissioner's Motion [ECF No. 26] is denied. The decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

						_____
						Jeffrey T. Gilbert
						United States Magistrate Judge

Dated: July 23, 2018